# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

STATE OF WISCONSIN,

       Plaintiff,

  v.                                           Case No. 10-C-335

BENJAMIN WALKER,

       Defendant.

## ORDER REMANDING CASE

Benjamin Walker filed a Notice of Removal of what he describes as a civil forfeiture in a criminal action. On March 15, 2010, a bail forfeiture hearing was held in Outagamie County Circuit Court, apparently as the result of Walker being charged with a crime. The state court entered a judgment of forfeiture of $1,000, after which Walker filed various motions, including one to disqualify the judge. He has now attempted to remove the case to federal court, citing 28 U.S.C. § 1443(1) and (2).

Although somewhat opaque, Walker's theory is that the forfeiture proceeding would violate his federal constitutional rights because he was compelled to be a witness against himself in a criminal action. Despite a litany of pseudo-legalese and irrelevant citations to federal law and cases, his argument appears to be based on Wis. Stat. § 969.13(4), which provides:

> (4) Notice of the order of forfeiture under sub. (1) shall be mailed forthwith by the clerk to the defendant and the defendant's sureties at their last addresses. If the defendant does not appear and surrender to the court within 30 days from the date of the forfeiture and within such period the defendant or the defendant's sureties do not satisfy the court that appearance and surrender by the defendant at the time scheduled for the defendant's appearance was impossible and without the defendant's

fault, the court shall upon motion of the district attorney enter judgment for the state against the defendant and any surety for the amount of the bail and costs of the court proceeding. Proceeds of the judgment shall be paid to the county treasurer. The motion and such notice of motion as the court prescribes may be served on the clerk who shall forthwith mail copies to the defendant and the defendant's sureties at their last addresses.

That provision does not give rise to any federal constitutional concerns, however. Walker appears to believe that he was required to explain "why" he committed the crime that gave rise to the bail violation, and that such an explanation would require him to testify against himself or to admit committing such a crime. I fail to see how that is the case, and accordingly I cannot find any conceivable federal interest in Walker's state forfeiture proceeding.

But that is beside the point because the removal statutes Walker cites are wholly inapplicable. Under 28 U.S.C. § 1443, civil rights cases may be removed to federal court. But this rarely-used mechanism is not intended to allow for garden variety collateral attacks on pending state proceedings. Instead, the section is geared towards enforcing federal racial equality rights when state mechanisms fail to provide an adequate forum.

> Section 1443(1) provides for removal of any state proceeding in which the defendant "is denied or cannot enforce . . . a right under any law providing for the equal civil rights of citizens of the United States . . . ." The Supreme Court has interpreted the statute to apply only if the right alleged arises under a federal law providing for civil rights based on race and the petitioner must show that he cannot enforce the federal right due to some formal expression of state law. *Georgia v. Rachel,* 384 U.S. 780 (1966); *Chapman v. Houston Welfare Rights Org.,* 441 U.S. 600, 621 (1979). Haws makes no allegations about race so the removal statute does not apply.

*State v. Haws,* 131 F.3d 1205, 1209 (7th Cir. 1997).

The Supreme Court made this clear more than forty years ago: "On the basis of the historical material that is available, we conclude that the phrase 'any law providing for * * * equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality." *State of Georgia v. Rachel,* 384 U.S. 780, 792 (1966). Because Walker's case has

nothing to do with equality, his attempt to remove under § 1443 is fruitless.[1]  But it is not just fruitless, it is frivolous.  In *State of Wisconsin v. Glick,* the Seventh Circuit imposed sanctions on five state defendants who sought to remove their case to federal court under § 1443.  The court concluded that "the removal of the state's prosecutions is frivolity on stilts" because their cases had nothing to do with civil rights.  782 F.2d 670, 674 (7th Cir. 1986).  The court noted that frivolous removals distract courts and others from more pressing business, and a penalty was therefore warranted.  "These removals have distracted judges from serious cases and delayed the consideration of more substantial claims."  *Id.*  That was twenty-four years ago, and nothing has changed.  The *Glick* court imposed a sanction of $500, and with inflation a similar sanction would amount to $1,000.  Walker has indicated in his *in forma pauperis* motion that he has no assets or income, however, and so a monetary sanction under Rule 11 would not be worthwhile, and in any event Walker would be afforded an opportunity to be heard.  Fed. R. Civ. P. 11(c)(3).  Accordingly, I will limit the sanction to a warning and a directive to spend his obvious talents on more fruitful pursuits than those evidenced in his removal papers.

The motion to proceed *in forma pauperis* is **GRANTED**, meaning that the filing fee is waived.  The case is **REMANDED** to Outagamie County Circuit Court.

Dated this   21st   day of April, 2010.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

---

[1] Walker also attempts to argue that the Supreme Court has gotten it wrong, but that is no basis to allow removal.  One citizen's assertion that he knows more than the Supreme Court does not provide a district court with jurisdiction to entertain proceedings the Supreme Court has specifically barred.