UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STATE OF WISCONSIN,

    Plaintiff,

v.                                                          Case No. 10-C-335

BENJAMIN WALKER,

    Defendant.

**ORDER**

This case was remanded to state court following this Court's conclusion that removal of the action had been improper. The Defendant now moves for relief under Fed. R. Civ. P. 60(a), although relief under Rule 59 would seem more appropriate. In any event, the motion will be denied. Defendant asserts that there is a basis for removal jurisdiction under 28 U.S.C. § 1443(2) and that this Court ignored or misconstrued his argument to that effect in his removal papers.

Section 1443(2) provides that state criminal prosecutions or civil actions may be removed to federal court "for any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(2). Defendant states that he is being prosecuted by state authorities for assisting federal agents in enforcing a civil rights law. Federal law makes it a crime to conceal or fail to report felonies to the authorities, 18 U.S.C. § 4, and Defendant states that he reported a violation of 18 U.S.C. § 242 to the authorities. Section 242 provides as follows:

> Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District

to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, ... shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnaping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

18 U.S.C. § 242. Thus, Defendant argues removal of the state criminal action against him to federal court is proper.

Defendant's argument fails. Although § 1443(2) allows removal "for any act under color of authority derived from any law providing for equal rights," the "authority" clause has been interpreted as requiring *official* authority. As the Supreme Court held in 1966,

> The individual petitioners contend that, quite apart from 28 U.S.C. s 1443(1), they are entitled to remove their cases to the District Court under 28 U.S.C. s 1443(2), which authorizes the removal of a civil action or criminal prosecution for 'any act under color of authority derived from any law providing for equal rights * * *.' The core of their contention is that the various federal constitutional and statutory provisions invoked in their removal petitions conferred 'color of authority' upon them to perform the acts for which they are being prosecuted by the State. We reject this argument, because we have concluded that the history of § 1443(2) demonstrates convincingly that this subsection of the removal statute is available only to federal officers and to persons assisting such officers in the performance of their official duties.

*City of Greenwood, Miss. v. Peacock,* 384 U.S. 808, 814-815 (1966). In other words, "removal under this subsection is limited to federal officers and those acting under them." *Id.* at 821.

Plaintiff is being prosecuted in state court for bail jumping, but he described this action as a civil forfeiture in a criminal action. Even if this has some connection to his reporting of a felony, and even if that felony related to a race-related civil right (these assertions continue to be mysteries)

2

he was not a "federal officer" nor was he "assisting such officer[] in the performance of [his] official duties." *Id.* at 815. There is simply no explanation of how a forfeiture in a bail jumping action has anything to do with reporting a felony related to a violation of a civil right involving race. Contrary to Defendant's belief, it is not enough merely to be a citizen-reporter of some unidentified felony that has some unidentified connection to a racial equality issue. The removal statute was meant to protect federal agents in the performance of their official duties from interference by states unfriendly to their ends. *See also State of Wis. v. Kavouras,* 1991 WL 199661, *2 (7th Cir. 1991) ("Section 1443(2) is unavailable to Kavouras because it applies only to federal officers and persons assisting federal officers in the performance of their official duties."); *Meyers v. Smith,* 2009 WL 3149773, *1 (D. Del. 2009) ("the Court remanded the case based upon the inapplicability of § 1443(2) since Smith, who is not a federal officer or agent, has no right of removal under § 1443(2)."); *Washington v. Tibbits,* 2008 WL 1924187, *1 (W.D. Wash. 2008) ("a private individual may not remove a criminal case under Section 1443(2).")

Defendant also seeks removal on an unidentified common law theory whereby federal courts assume jurisdiction when the state court controversy is intermingled with federal issues. Throughout dozens of pages of briefing, Defendant has not identified any conceivable federal interest in this lawsuit. Accordingly, even if such a doctrine existed, this Court would have no reason to assume jurisdiction of this matter. State courts routinely consider federal constitutional issues in criminal prosecutions, and if there are constitutional violations at a trial the judgment may be reversed on appeal or even in a later federal habeas corpus proceeding. But removal of the action is completely unprecedented, and Plaintiff's assertion that his *pro se* status should require a liberal application of the removal rules is directly contravened by federal law. *People of State of Cal. v.*

3

*Pobuta,* 437 F.2d 1200 (9th Cir. 1971) ("Petitions under section 1443 are often without merit for the grounds for removal have been narrowly construed.")

Relief under Rule 60 is inappropriate. Construing the motion as being brought under Rule 59, I cannot find any basis for relief. The motion is therefore **DENIED**.

**SO ORDERED** this   5th   day of May, 2010.

 s/ William C. Griesbach
William C. Griesbach
United States District Judge

4